COLUMBIA RUBBER Co. *et al. v.* KLOUS.

(*Circuit Court, D. Massachusetts.* December 29, 1887.)

PATENTS FOR INVENTIONS—REISSUE—BUSTLES.

A. W. Thomas, in a patent for improvement in bustles, granted May 9, 1871, claimed a series of standards composed of several uprights, secured permanently together at their bends with their ends spread apart and attached to the bows and waistband. In a reissue of May 14, 1872, the claim was broadened to cover a single standard, in place of a series, consisting of several uprights. In a second reissue he claimed a single standard composed of a single upright. *Held,* that the claims in the second reissue, which were broader than the original patent at the first reissue, were void, and the Klous bustle which has a horizontal bow, extending out from the waistband, with single uprights attached to this bow, and their upper ends attached to the bows and waistband, respectively, was quite different, and no infringement.

In Equity. On bill for injunction.

The Columbia Rubber Company and others, complainants, filed a bill to enjoin Seman Klous, defendant, from infringing a patent granted to Amos W. Thomas, for improvement in bustles.

*Livermore & Fish,* for complainants.

*J. J. Myers* and *J. H. Appleton,* for defendant.

COLT, J. This is a bill in equity brought for the alleged infringement of reissued letters patent No. 5,563, dated September 2, 1873, granted to Amos W. Thomas for improvements in bustles. The original patent was dated May 9, 1871, and the first reissue, May 14, 1872. The present suit is brought upon the second reissue. The patent and the first reissue contain but a single claim; in the second reissue the claims are expanded to the number of twelve, and material changes and additions are made to the specification. The original patent is short, and understood without difficulty, and this is true of the first reissue; it is only when we come to the expanded claims of the second reissue that any doubt or difficulty arises as to the exact character and scope of the invention. Turning to the original patent, the patentee thus defines his invention:

"My invention relates to the mode of suspending the horizontal or slightly inclined bars of skirt-wire which project backward from the right and left sides of a band buckled around the waist of a person; and consists of three series, more or less, of standards, each series consisting of several pieces of flat elastic skirt-wire, bent, secured permanently together at the bends, and the ends spread apart so as to afford straight uprights, when the upper end of the inner or longest one is securely attached to the waistband, and the ends of the successively shortening ones to the respective horizontal or slightly declined bows, and the *tournure* applied so that the connected bent portion of each of the said series of standards will rest against the person, and the said standards thus rigidly support the bows in the required horizontal or declined positions, and at the same time allow them to yield elastically inward to any outside lateral pressure or impact upon the *tournure;* the object of my invention being to afford such a support to the rear portion of the dress skirt as

will effectually prevent its weight from swagging the bows downward, and at the same time allow the said bows to yield elastically inward to lateral pressure or impact from the outside of the dress."

The claim is as follows:

"The series of standards, C, C, C, in combination with the waistband, A, and bows, B, B$^1$, B$^2$, B$^3$, B$^4$, constructed and arranged to operate substantially as and for the purpose hereinbefore set forth."

From the specification taken in connection with the drawings, the invention of Thomas is clear. It consisted of a standard, or standards, composed of several uprights secured permanently together at their bends with their ends spread apart, and respectively attached to the bows and waistband. In the original patent the claim was limited to a series of standards in combination with the waistband and bows. In the first reissue, granted about a year afterwards, the claim was broadened so as to cover a single standard, C, in place of a series. It reads as follows:

"The brace, or standard, C, composed of a series of converging wires which have their outer ends respectively connected to the waistband and the several bows, as set forth."

In the second reissue the attempt is made to broaden the claims of the original patent and the first reissue, so that the patent shall cover a standard composed of a single upright. The original invention was for a series of standards, each composed of several uprights; the first reissue contained the broader claim of a single standard consisting of several uprights; the second reissue, granted more than two years after the date of the original, now seeks by changes in the specification and additional claims to enlarge the scope of the patent, so that it may include a standard composed of a single upright. Under the law as now well established this cannot be done, and all claims in the second reissue which are broader than the claim of the original patent or the first reissue are void. The plaintiffs rely upon claims 5 and 9 of the second reissue. Claim 5 reads:

"A bustle standard or support for sustaining superincumbent weight exerted in the direction of its length, without yielding in said direction, having a base which rests against the person of the wearer, an outer extremity secured to the bow or bows, and a suspender proceeding from said base to the waistband, substantially as described."

This claim, by its language, covers a single upright secured to a bow, and is broader than the claim of the original patent or the first reissue, and therefore it must be held to be void.

Claim 9 is for a "bustle standard or support for the bows, having a series of braces, two or more, the extremity of each of which is attached substantially as described, and which are united where they come together." This claim is manifestly broader than the claim of the original patent, where the patentee limited his claim to a series of standards. The plaintiffs contend that the word standard in the original patent means an upright, and that the term series of standards in the claim signifies a series of uprights. But the drawings make it clear that the word standard refers to several uprights secured together at the bends with their ends at-

tached to the several bows and waistband, and the patentee so specifically states in his specification. It is urged, however, that claim 9 is not broader than the claim in the first reissue, and that therefore it is not invalid. Assuming this to be true, I am of opinion that the defendant's bustle does not infringe this claim. The Klous bustle has not the series of uprights which are the main feature of the Thomas invention. The claim says that the series of uprights or braces are united where they come together, which is at the bends. This feature is also absent from the Klous bustle. In the Klous bustle we find a new element, namely, a horizontal bow extending out from the waistband below the other bows. Single uprights are attached to this bow, while their upper ends are attached respectively to the bows and the waistband. The combination of elements which go to make up the ninth claim of the Thomas reissue are not found in the Klous bustle, nor what may fairly be considered their equivalent. The organization of the Klous bustle is quite different.

For these reasons I think that the bill should be dismissed.